Robert L. Weigel
Howard S. Hogan
Alison L. Wollin
Anne M. Coyle
Kimberly L. Friedman
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiffs Gucci America, Inc.,*
*Balenciaga S.A., Balenciaga America, Inc.,*
*Bottega Veneta S.A., Bottega Veneta Inc.,*
*Yves Saint Laurent America, Inc.,*
*Luxury Goods International (L.G.I.) S.A.,*
*and Kering S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

GUCCI AMERICA, INC.; BALENCIAGA S.A.;
BALENCIAGA AMERICA, INC.; BOTTEGA
VENETA S.A.; BOTTEGA VENETA INC.; YVES
SAINT LAURENT AMERICA, INC.; LUXURY
GOODS INTERNATIONAL (L.G.I.) S.A.; and
KERING S.A.,

    Plaintiffs,

  -against-

ALIBABA GROUP HOLDING LTD.;
ALIBABA.COM HONG KONG LTD.;
ALIBABA.COM LTD.; ALIBABA.COM
INVESTMENT HOLDING LTD.; ALIBABA.COM
INVESTMENT LTD.; ALIBABA (CHINA)
TECHNOLOGY CO., LTD.; ALIBABA.COM, INC.;
TAOBAO HOLDING LTD.; TAOBAO CHINA
HOLDING LTD.; TAOBAO (CHINA) SOFTWARE
CO., LTD.; ALIPAY.COM CO., LTD.; BRAND
BAG BOUTIQUE; YUN MI'S STORE; KOU KOU
DAI (BUCKLE THE POCKET); EUROPE AND E
NEWS; PICASSO TREND; LEHUI TEXTILE
BEHALF; GUANGZHOU FEITENG JUNYE GIFTS
MANUFACTURING CO., LTD.; SHENZHEN LIN
JUN LEATHER CO., LTD.; YIWU WIRBEST E-
COMMERCIAL FIRM.; LUXURY2000;

    2015 Civ. 03784 (PKC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-23-15

BURBERRITTI FASHION PLAID BAG; AMY    :
LUXURY GOODS; SUNNY HOME STORE; YAO  :
MING AND TRACEY; and JOHN DOES,       :
                                        :
             Defendants.          :
                                          :

---------------------------------------------------------------- X

### [PROPOSED] TEMPORARY RESTRAINING ORDER, ASSET RESTRAINING ORDER, ORDER AUTHORIZING EXPEDITED DISCOVERY AND ALTERNATIVE SERVICE BY ELECTRONIC MEANS, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

Plaintiffs Gucci America, Inc. ("Gucci"), Balenciaga, S.A. and Balenciaga America, Inc. ("Balenciaga"), Bottega Veneta S.A. and Bottega Veneta Inc. ("Bottega Veneta"), Yves Saint Laurent America, Inc. and Luxury Goods International (L.G.I.) S.A. ("YSL"), and Kering S.A. (collectively, "**Plaintiffs**"),  having moved ex parte against Defendants Brand Bag Boutique, Yun Mi's Store, Kou Kou Dai (Buckle the Pocket) (扣口袋), Europe and E News (欧美E讯), Picasso Trend (毕加索潮流), Lehui Textile Behalf (乐惠家纺代发), Amy Luxury Goods (艾米奢品), Yao Ming and Tracey (姚麦国际皮具), Guangzhou Feiteng Junye Gifts Manufacturing Co., Ltd., Shenzhen Lin Jun Leather Co., Ltd., Yiwu Wirbest E-Commercial Firm, Luxury2000, Burberritti Fashion Plaid Bag, Sunny Home Store, and John Does (collectively, "**Merchant Defendants**") for a temporary restraining order, asset restraining order, order authorizing expedited discovery and alternative service of process by electronic mail and/or delivery to the Merchant Defendants' online storefronts, and order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051, *et seq.*), for the reason that the Merchant Defendants are manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names, and/or logos as set forth in Plaintiffs' Complaint in this action (collectively, "**Plaintiffs' Marks**"), which are owned and

controlled by Plaintiffs, and the Court, having reviewed the Complaint, Memorandum of Law, and supporting Declarations and exhibits submitted therewith, finds:

    a.    Plaintiffs have established that they are entitled to injunctive relief by demonstrating that (1) they are likely to succeed on the merits of their claims; (2) they are suffering irreparable injury and, in the absence of an injunction, will continue to suffer irreparable injury, based on the Merchant Defendants' unauthorized use and infringement of Plaintiffs' Marks in connection with the manufacture, importation, exportation, distribution, marketing, advertising, offer for sale and/or sale of various products, including but not limited to apparel, handbags, belts, and other accessories for men and women (the "**Counterfeit Products**"); (3) remedies at law, such as money damages, are inadequate to compensate for Plaintiffs' injuries; (4) the balance of hardships favors Plaintiffs; and (5) granting Plaintiffs' request for injunctive relief would serve the public interest;

    b.    Plaintiffs have demonstrated that they are likely to succeed in showing that the Plaintiffs' Marks are valid and enforceable, and entitled to protection, and that the Merchant Defendants' willful and unlawful use of the Plaintiffs' Marks in connection with the sale of Counterfeit Products is likely to cause consumer confusion;

    c.    Plaintiffs have demonstrated that they are likely to succeed in showing that the Merchant Defendants have used and are continuing to use counterfeits or infringements of the Plaintiffs' Marks in connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or sale of Counterfeit Products;

    d.    Plaintiffs have demonstrated that they are likely to succeed in showing that the Merchant Defendants are, or were recently, selling Counterfeit Products through electronic stores on the websites Alibaba.com, AliExpress.com, and Taobao.com (the "**Alibaba Stores**");

e.      Plaintiffs have demonstrated that they are likely to succeed in showing that the

Merchant Defendants have a bad faith intent to profit by associating themselves with Plaintiffs

and the Plaintiffs' Marks without Plaintiffs' authorization;

f.      Plaintiffs have demonstrated that the Merchant Defendants, or other persons

acting in concert with the Merchant Defendants, would likely destroy, move, hide, or otherwise

make the Counterfeit Products, the Merchant Defendants' means of selling and distributing the

Counterfeit Products, financial accounts used in connection with the sale of Counterfeit Products,

records relating to the ultimate disposition of the Merchant Defendants' ill-gotten proceeds, and

business records relating thereto, inaccessible to Plaintiffs or the Court if Plaintiffs were to

proceed on notice to the Merchant Defendants, thus frustrating the ultimate relief that Plaintiffs

seek in this action;

g.      Plaintiffs have demonstrated that the harm to Plaintiffs from denial of the

requested *ex parte* order outweighs the harm to the Merchant Defendants' legitimate interests

against granting such an order;

h.      Plaintiffs have demonstrated that the entry of an order other than the *ex parte*

order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs'

remedies for trademark counterfeiting, including, *inter alia*, the cessation of all sales of the

Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products,

and Plaintiffs' rights to an equitable accounting of the Merchant Defendants' profits, lost profits,

or damages;

i.      Plaintiffs have demonstrated that service on the Merchant Defendants via

electronic means, including (1) delivery of a link to a secure website that will make available for

download PDF copies of the Summons and Complaint, together with all documents filed in

support of Plaintiffs' motion for this Order via the Merchant Defendants' Alibaba Stores on

Alibaba.com, Taobao.com, and AliExpress.com, or (2) delivery by PDF copies to the Merchant

Defendants' business email addresses, is reasonably calculated to result in notice to the Merchant

Defendants.

THEREFORE, the Court finds it appropriate to grant Plaintiffs the following relief as

detailed further below:

(I) Order to Show Cause – Preliminary Injunction;

(II) Temporary Restraining Order;

(III) Asset Restraining Order;

(IV) Order Authorizing Alternative Service by Electronic Means; and

(V) Order Authorizing Expedited Discovery from Defendants and Third Parties.

## I.    ORDER TO SHOW CAUSE – PRELIMINARY INJUNCTION

1.    IT IS HEREBY ORDERED that the Merchant Defendants appear to show cause

on the 13 <sup>th</sup> day of August 2015 at 3 PM a.m./p.m. or as soon thereafter as

counsel can be heard, in Courtroom 11D of the United States District Court for the Southern

District of New York at 500 Pearl Street / 40 Foley Square, New York, New York why an order

pursuant to Rule 65 of the Federal Rules of Civil Procedure and Section 34 of the Lanham Act

should not be entered granting Plaintiffs a preliminary injunction as follows:

2.    Restraining and enjoining the Merchant Defendants, their officers, directors,

agents, employees, representatives, successors or assigns, and all persons acting in concert or in

participation with any of them from:

a.    using Plaintiffs' Marks, or any reproduction, counterfeit, copy, or colorable

imitation of Plaintiffs' Marks, or any mark confusingly similar thereto or likely to

dilute or detract from the Plaintiffs' Marks, in connection with manufacturing,

distributing, delivering, shipping, importing, exporting, advertising, marketing,

promoting, selling or offering for sale Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks;

b.  making or employing any other commercial use of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

c.  using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that the Merchant Defendants' products or activities are in any way sponsored, licensed, or authorized by or affiliated or connected with Plaintiffs;

d.  doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors to believe that the products or services promoted, offered, or sponsored by the Merchant Defendants come from Plaintiffs or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs;

e.  moving, returning, destroying, secreting, or otherwise disposing of any Counterfeit Products or any products that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

f.  removing, destroying, altering, secreting, or otherwise disposing of any computer files, electronic files or data, business records, or documents containing any

6

information relating to any of the Alibaba Stores, the Merchant Defendants' assets or operations, or to the importing, manufacturing, production, marketing, advertising, promoting, acquisition, purchase, distribution, or sale of Counterfeit Products or any products that otherwise bear contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

g.  further diluting and infringing the Plaintiffs' Marks and damaging Plaintiffs' goodwill;

h.  otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

i.  assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (i), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

3.  Restraining and enjoining the Merchant Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them from transferring, disposing of, or secreting any of the Merchant Defendants' assets, as set forth further herein; and

4.  IT IS FURTHER ORDERED that the Merchant Defendants' answering papers to Plaintiffs' Order to Show Cause, if any, shall be filed with the Clerk of this Court and served upon Plaintiffs' counsel by delivering copies thereof to the offices of Gibson, Dunn & Crutcher LLP, 200 Park Avenue, 47th Floor, New York, NY 10166-0193, Attention: Robert L. Weigel,

Esq., by no later than *August 10*          , 2015, with any reply by Plaintiffs to be filed and

served by          *August 12*          , 2015.

      5.     IT IS FURTHER ORDERED that the Merchant Defendants are hereby given

notice that failure to attend the hearing scheduled herein may result in confirmation of the relief

provided herein, immediate issuance of the requested preliminary injunction to take effect

immediately upon expiration or dissolution of the temporary restraining order, and may

otherwise extend for the pendency of this litigation upon the same terms and conditions as

comprise this temporary restraining order.  The Merchant Defendants are hereby given further

notice that they may be deemed to have actual notice of the issuance and terms of such

preliminary injunction and any act by them or anyone of them in violation of any of the terms

thereof may be considered and prosecuted as contempt of this Court.

**II.**    **TEMPORARY RESTRAINING ORDER**

      IT APPEARING to the Court that the Merchant Defendants are manufacturing,

exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling the

Counterfeit Products, including via the websites Alibaba.com, AliExpress.com, and Taobao.com,

and that the Merchant Defendants will continue to carry out such acts unless restrained by Order

of the Court:

      6.     IT IS FURTHER ORDERED that pending the hearing on Plaintiffs' application

for a preliminary injunction, the Merchant Defendants, their officers, directors, agents,

employees, representatives, successors or assigns, and all persons acting in concert or in

participation with any of them, or having knowledge of this Order by personal service or

otherwise, are hereby temporarily restrained from committing any of the acts set forth in

Paragraphs 2 - 3 above, and as set forth further herein.

7.      IT IS FURTHER ORDERED that the Temporary Restraining Order shall remain in effect until the date for the hearing on the Order to Show Cause, as set forth above, or such further dates as set by the Court.

8.      IT IS FURTHER ORDERED that Plaintiffs shall post a corporate surety bond, cash, certified check, or attorney's check in the amount of ten thousand dollars ($10,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

## III.     ASSET RESTRAINING ORDER

9.      IT IS FURTHER ORDERED that, in accordance with Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the Merchant Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them receiving actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from transferring, withdrawing, or disposing of any money or other assets into or out of any accounts held by, associated with, or utilized by the Merchant Defendants, regardless of whether such money or assets are held in the U.S. or abroad.

10.     IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or affected third party may, upon proper showing, appear and move for dissolution or modification of the provisions of this Order.

## IV.     ORDER AUTHORIZING ALTERNATIVE SERVICE BY ELECTRONIC MEANS

11.     IT IS FURTHER ORDERED that, sufficient cause having been shown, Plaintiffs' motion for alternative service by electronic means is granted, and service shall be made on the Merchant Defendants and deemed effective as to all Merchant Defendants if it is completed by

9

the following means: (1) delivery of a message to the Merchant Defendants through the same means that Plaintiffs' agents have previously communicated with the Merchant Defendants, namely the system for communications established by the Alibaba Stores to allow consumers to communicate with merchants who offer goods through the Alibaba Stores (Internet addresses for the Alibaba Stores of each Merchant Defendant are set forth in Attachment 1), and that such message will notify each Merchant Defendant that a suit has been filed against it in the United States District Court for the Southern District of New York, along with a link to a secure website where each Merchant Defendant will be able to download Adobe PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' motion seeking this Order; or (2) delivery via PDF copies of same to the Merchant Defendants' business email addresses. Such service shall be made within ~~5 days from the date of this Order,~~ except as to John Doe Defendants who may be later identified.  *by July 29, 2015*   PKC

## V.    ORDER AUTHORIZING EXPEDITED DISCOVERY

12.    IT IS FURTHER ORDERED that Plaintiffs' motion to obtain expedited discovery from the Merchant Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, is granted, and that Plaintiffs may serve requests for disclosures pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 34, and that the Merchant Defendants shall produce all documents responsive to such requests within ten (10) days of service; and

13.    IT IS FURTHER ORDERED that, as set forth below, Plaintiffs' motion to obtain expedited discovery from third parties is granted.

### A.    *Provisions Applicable to Third Party Financial Service Providers*

14.    IT IS FURTHER ORDERED that Plaintiffs may request discovery by providing actual notice of this Order to any banks, savings and loan associations, payment processors or

10

other financial institutions, merchant account providers, payment providers, third party

processors, or credit card associations, which have provided services, received payment, or held

assets for any Merchant Defendant or any of the Merchant Defendant's operations ("**Third**

**Party Financial Service Providers**"); and

     15.    IT IS FURTHER ORDERED that, within fourteen (14) days of receiving actual

notice of this Order by personal service or otherwise, all Third Party Financial Service Providers

must provide to Plaintiffs' counsel all documents and records in their possession, custody, or

control, whether located in the U.S. or abroad, relating to any financial accounts (including but

not limited to any savings, checking, money market, or payment processing accounts) held by,

associated with, or utilized the Merchant Defendants, their officers, directors, agents, employees,

representatives, successors or assigns, and all persons acting in concert or in participation with

any of them. This includes all documents and records relating to:

    a.  The Merchant Defendants' Alibaba Stores, including the identities of the

        individuals or entities that registered and operated the Infringing Websites;

    b.  the manufacturing, exporting, importing, distributing, marketing, advertising,

        offering for sale, and/or selling of Counterfeit Products by the Merchant

        Defendants, their officers, directors, agents, employees, representatives,

        successors or assigns, and all persons acting in concert or in participation with any

        of them;

    c.  the identities of any and all credit card processing agencies, merchant acquiring

        banks, or other financial institutions responsible for processing credit card, debit

        card, or other forms of financial transactions for the Alibaba Stores;

    d.  the identities and addresses of the Merchant Defendants, their officers, directors,

        agents, employees, representatives, successors or assigns, and all persons acting in

concert or in participation with any of them, including without limitation, identifying information associated with the Merchant Defendants' Alibaba Stores;

e.  payments made to or by the Merchant Defendants in exchange for goods or services provided by or to the Merchant Defendants, including information sufficient to identify the recipient and beneficiary of such payment;

f.   identifying information, including full account numbers;

g.  account opening documents, including account applications, signature cards, copies of identification documents provided and, if a business account, copies of any corporate resolution to open account and other business documents provided which may include articles of incorporation for the business;

h.  all deposits and withdrawals and any supporting documentation, including deposit slips, withdrawal slips, cancelled checks (both sides), and periodic account statements;

i.   all wire transfers into the financial accounts, including documents sufficient to identify the source of transferred funds, such as documents reflecting the name of bank or entity from which the funds originated, the account number from which the funds were transferred, and the name of the person or entity from whose account such funds were transferred; and

j.   all wire transfers out of the financial accounts, including documents sufficient to identify the destination of the transferred funds, such as documents reflecting the name of the beneficiary of such transfer, the identity of the beneficiary's bank, and the beneficiary's full account number.

### B.   *Provisions Applicable to Third Party Service Providers*

16.   IT IS FURTHER ORDERED that Plaintiffs may request discovery by providing

actual notice of this Order along with a subpoena, pursuant to Fed. R. Civ. P. 45, to any other

third party service providers that have provided services for any Merchant Defendant, or any of

the Merchant Defendants' Alibaba Stores ("**Third Party Service Providers**").

17.   IT IS FURTHER ORDERED that any third party that has received proper notice

of this Order pursuant to Fed. R. Civ. P. 65(d)(2), and requires clarifications as to its duties, if

any, under this Order, may make an application to this Court, with notice to Plaintiffs' counsel.

18.   IT IS FURTHER ORDERED THAT SECURITY IN THE AMOUNT
OF A $10,000. BE POSTED BY PLAINTIFF WITHIN FIVE DAYS.

PKC

IT IS SO ORDERED.

DATED this 23rd day of July, 2015

Hour: 10:51 a.m./p.m.

By: _____

UNITED STATES DISTRICT JUDGE

**ATTACHMENT 1**

| Merchant Defendant | Website |
|---|---|
| Brand Bag Boutique | http://www.aliexpress.com/store/424510 |
| Yun Mi's Store | http://www.aliexpress.com/store/435690 |
| Kou Kou Dai (Buckle the Pocket)<br>扣口袋 | http://shop60584641.taobao.com/?spm=2013.1.100 0126.3.9sXhCN |
| Europe and E News<br>欧美E讯 | http://shop63050331.taobao.com/index.htm?spm=a 1z10.1-c.w5002-11442909774.2.8tcxFh |
| Picasso Trend<br>毕加索潮流 | http://shop118867821.taobao.com/?spm=2013.1.10 00126.2.PnbGAh |
| Lehui Textile Behalf<br>乐惠家纺代发 | http://shop113273170.taobao.com/?spm=2013.1.10 00126.2.YsUJtV |
| Amy Luxury Goods<br>艾米奢品 | http://shop114183880.taobao.com/?spm=2013.1.10 00126.2.aS3bgB |
| Yao Ming and Tracey<br>姚麦国际皮具 | http://shop107931202.taobao.com/index.htm?spm= a1z10.1-c.w5002-11189249825.2.rqsGra |
| Guangzhou Feiteng Junye Gifts Manufacturing Co., Ltd. | http://ftjy.en.alibaba.com/ |
| Shenzhen Lin Jun Leather Co., Ltd. | http://brandbag.en.alibaba.com/ |

| | |
|---|---|
| Yiwu Wirbest E-Commercial Firm | http://ywirbest.en.alibaba.com/ |
| Luxury2000 | http://www.aliexpress.com/store/1801854 |
| Burberritti Fashion Plaid Bag | http://www.aliexpress.com/store/1499645 |
| Sunny Home Store | http://www.aliexpress.com/store/1081409 |