Robert L. Weigel
Howard S. Hogan
Alison L. Wollin
Anne M. Coyle
Kimberly L. Friedman
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiffs Gucci America, Inc.,
Balenciaga S.A., Balenciaga America, Inc.,
Bottega Veneta S.A., Bottega Veneta Inc.,
Yves Saint Laurent America, Inc.,
Luxury Goods International (L.G.I.) S.A.,
and Kering S.A.*

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-13-15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

GUCCI AMERICA, INC.; BALENCIAGA S.A.;
BALENCIAGA AMERICA, INC.; BOTTEGA
VENETA S.A.; BOTTEGA VENETA INC.; YVES
SAINT LAURENT AMERICA, INC.; LUXURY
GOODS INTERNATIONAL (L.G.I.) S.A.; and
KERING S.A.,

      Plaintiffs,

  -against-

ALIBABA GROUP HOLDING LTD.;
ALIBABA.COM HONG KONG LTD.;
ALIBABA.COM LTD.; ALIBABA.COM
INVESTMENT HOLDING LTD.; ALIBABA.COM
INVESTMENT LTD.; ALIBABA (CHINA)
TECHNOLOGY CO., LTD.; ALIBABA.COM, INC.;
TAOBAO HOLDING LTD.; TAOBAO CHINA
HOLDING LTD.; TAOBAO (CHINA) SOFTWARE
CO., LTD.; ALIPAY.COM CO., LTD.; BRAND
BAG BOUTIQUE; YUN MI'S STORE; KOU KOU
DAI (BUCKLE THE POCKET); EUROPE AND E
NEWS; PICASSO TREND; LEHUI TEXTILE
BEHALF; GUANGZHOU FEITENG JUNYE GIFTS
MANUFACTURING CO., LTD.; SHENZHEN LIN
JUN LEATHER CO., LTD.; YIWU WIRBEST E-
COMMERCIAL FIRM.; LUXURY2000;

2015 Civ. 03784 (PKC)

[~~PROPOSED~~] PRELIMINARY
INJUNCTION ORDER

```
BURBERRITTI FASHION PLAID BAG; AMY        :
LUXURY GOODS; SUNNY HOME STORE; YAO       :
MING AND TRACEY; and JOHN DOES,           :
                                          :
            Defendants.                   :
                                          :
------------------------------------------X
```

      Plaintiffs Gucci America, Inc. ("Gucci"), Balenciaga, S.A. and Balenciaga America, Inc. ("Balenciaga"), Bottega Veneta S.A. and Bottega Veneta Inc. ("Bottega Veneta"), Yves Saint Laurent America, Inc. and Luxury Goods International (L.G.I.) S.A. ("YSL"), and Kering S.A. (collectively, "**Plaintiffs**"), having moved ex parte against Defendants Brand Bag Boutique, Yun Mi's Store, Kou Kou Dai (Buckle the Pocket) (扣口袋), Europe and E News (欧美E讯), Picasso Trend (毕加索潮流), Lehui Textile Behalf (乐惠家纺代发), Amy Luxury Goods (艾米奢品), Yao Ming and Tracey (姚麦国际皮具), Guangzhou Feiteng Junye Gifts Manufacturing Co., Ltd., Shenzhen Lin Jun Leather Co., Ltd., Yiwu Wirbest E-Commercial Firm, Luxury2000, Burberritti Fashion Plaid Bag, Sunny Home Store, and John Does (collectively, "**Merchant Defendants**") for a temporary restraining order, asset restraining order, order authorizing expedited discovery and alternative service of process by electronic mail and/or delivery to the Merchant Defendants' online storefronts, and order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051, *et seq.*), for the reason that the Merchant Defendants are manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names, and/or logos as set forth in Plaintiffs' Complaint in this action (collectively, "**Plaintiffs' Marks**"), which are owned and controlled by Plaintiffs,

      WHEREAS, having reviewed the Complaint, Memorandum of Law, and supporting Declarations and exhibits submitted therewith, the Court signed an Order July 23, 2014,

2


restraining the Merchant Defendants from, *inter alia*, manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or offering for sale Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or any other products that otherwise bear contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks (the "Temporary Restraining Order"); and further ordered the Merchant Defendants to appear before this Court on August 13, 2015, to show cause why an order granting Plaintiffs a preliminary injunction should not be granted;

WHEREAS, the Merchant Defendants were served with the Temporary Restraining Order, Summons, Complaint and supporting declarations pursuant to the alternative service provisions contained in the Temporary Restraining Order;

WHEREAS, Plaintiffs filed a Certificate of Service demonstrating that Defendants were served with the Temporary Restraining Order, Summons, Complaint and supporting declarations pursuant to the alternative service provisions contained in the Temporary Restraining Order; and

WHEREAS, Defendants failed to submit any papers opposing entry of the preliminary injunction, and failed to appear before the Court on August 13, 2015;

The Court now finds the following:

a. Plaintiffs have demonstrated that they are likely to succeed in showing that the Plaintiffs' Marks are valid and enforceable, and entitled to protection, and that the Merchant Defendants' willful and unlawful use of the Plaintiffs' Marks in connection with the sale of Counterfeit Products is likely to cause consumer confusion;

b. Plaintiffs have established that they are entitled to injunctive relief by demonstrating that (1) they are likely to succeed on the merits of their claims; (2) they are suffering irreparable injury and, in the absence of an injunction, will continue to suffer

3

irreparable injury, based on the Merchant Defendants' unauthorized use and infringement of Plaintiffs' Marks in connection with the manufacture, importation, exportation, distribution, marketing, advertising, offer for sale and/or sale of various products, including but not limited to apparel, handbags, belts, and other accessories for men and women (the "**Counterfeit Products**"); (3) remedies at law, such as money damages, are inadequate to compensate for Plaintiffs' injuries; (4) the balance of hardships favors Plaintiffs; and (5) granting Plaintiffs' request for injunctive relief would serve the public interest;

    c.    Plaintiffs have demonstrated that they are likely to succeed in showing that the Merchant Defendants have used and are continuing to use counterfeits or infringements of the Plaintiffs' Marks in connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or sale of Counterfeit Products;

    d.    Plaintiffs have demonstrated that they are likely to succeed in showing that the Merchant Defendants are, or were recently, selling Counterfeit Products through electronic stores on the websites Alibaba.com, AliExpress.com, and Taobao.com (the "**Alibaba Stores**");

    e.    Plaintiffs have demonstrated that they are likely to succeed in showing that the Merchant Defendants have a bad faith intent to profit by associating themselves with Plaintiffs and the Plaintiffs' Marks without Plaintiffs' authorization;

    f.    Plaintiffs have demonstrated that the harm to Plaintiffs from denial of the requested Preliminary Injunction outweighs the harm to the Merchant Defendants' legitimate interests against granting such an order;

    g.    Plaintiffs have demonstrated that the entry of an order other than the Preliminary Injunction would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark counterfeiting, including, *inter alia*, the cessation of all sales of the Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products,

and Plaintiffs' rights to an equitable accounting of the Merchant Defendants' profits, lost profits, or damages;

h. Plaintiffs have provided adequate security for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder, by posting a $10,000 bond in accordance with the Temporary Restraining Order;

i. Plaintiffs have demonstrated that the Merchant Defendants were served via electronic means with all documents filed in support of Plaintiffs' motion for this Order via (1) the Merchant Defendants' Alibaba Stores and/or chat IDs on Alibaba.com, Taobao.com, and AliExpress.com, or (2) the Merchant Defendants' business email addresses, and the Merchant Defendants had proper notice of the hearing held on August 13, 2015 before this Court;

j. None of the Merchant Defendants have filed a response to Plaintiffs' moving papers or otherwise appeared in this action; and

k. Merchant Defendant Shenzhen Lin Jun Leather Co., Ltd. is continuing to market and offer for sale Counterfeit Products through the website found at www.chinaljtrade.com in violation of this Court's July 23 Order.

Accordingly, this Court finds that entry of the Preliminary Injunction is necessary and appropriate.

THEREFORE, IT IS HEREBY ORDERED that:

1. The Merchant Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, are restrained and enjoined from:

> b. using Plaintiffs' Marks, or any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Marks, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, in connection with manufacturing,

distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or offering for sale Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks;

c. making or employing any other commercial use of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

d. using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that the Merchant Defendants' products or activities are in any way sponsored, licensed, or authorized by or affiliated or connected with Plaintiffs;

e. doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors to believe that the products or services promoted, offered, or sponsored by the Merchant Defendants come from Plaintiffs or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs;

f. moving, returning, destroying, secreting, or otherwise disposing of any Counterfeit Products or any products that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

    g. removing, destroying, altering, secreting, or otherwise disposing of any computer files, electronic files or data, business records, or documents containing any information relating to any of the Alibaba Stores, the Merchant Defendants' assets or operations, or to the importing, manufacturing, production, marketing, advertising, promoting, acquisition, purchase, distribution, or sale of Counterfeit Products or any products that otherwise bear contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

    h. further diluting and infringing the Plaintiffs' Marks and damaging Plaintiffs' goodwill;

    i. otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

    j. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (i), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

IT APPEARING to the Court that the Merchant Defendants are manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling the Counterfeit Products, and that the Merchant Defendants will continue to carry out such acts unless restrained by Order of the Court:

2. IT IS FURTHER ORDERED IT IS FURTHER ORDERED that, in accordance with Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final

equitable relief, the Merchant Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them receiving actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from transferring, withdrawing, or disposing of any money or other assets into or out of any accounts held by, associated with, or utilized by the Merchant Defendants, regardless of whether such money or assets are held in the U.S. or abroad.

3. IT IS FURTHER ORDERED that any domain name registry, including but not limited to VeriSign, and/or an individual registrar, including but not limited to HiChina Web Solutions (Hong Kong) Limited, holding or listing the domain name www.chinaljtrade.com shall, within three (3) business days of receiving actual notice of this Order by personal service or otherwise, disable this domain names, through a registry hold or otherwise, and make it inactive and untransferable until further order from this Court. Notwithstanding the preceding sentence, the terms of this Paragraph shall have no application if a domain name has already been disabled and/or the ownership of such domain name has been transferred by the registry or registrar pursuant to a court order issued in another litigation (*e.g., Nat'l Football League, et al. v. Sunmei, et al.*, 13 Civ. 2572 (LGS) (S.D.N.Y.)).

4. IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or affected third party may, upon proper showing, appear and move for dissolution or modification of the provisions of this Order.

### CONTINUATION OF EXPEDITED DISCOVERY

5. IT IS FURTHER ORDERED that Plaintiffs may request discovery by providing actual notice of this Order to any banks, savings and loan associations, payment processors or

8

other financial institutions, merchant account providers, payment providers, third party processors, or credit card associations, which have provided services, received payment, or held assets for any Merchant Defendant or any of the Merchant Defendant's operations ("**Third Party Financial Service Providers**"); and

    6.    IT IS FURTHER ORDERED that, within fourteen (14) days of receiving actual notice of this Order by personal service or otherwise, all Third Party Financial Service Providers must provide to Plaintiffs' counsel all documents and records in their possession, custody, or control, whether located in the U.S. or abroad, relating to any financial accounts (including but not limited to any savings, checking, money market, or payment processing accounts) held by, associated with, or utilized the Merchant Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them. This includes all documents and records relating to:

    a.  The Merchant Defendants' Alibaba Stores, including the identities of the individuals or entities that registered and operated the Infringing Websites;

    b.  the manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling of Counterfeit Products by the Merchant Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them;

    c.  the identities of any and all credit card processing agencies, merchant acquiring banks, or other financial institutions responsible for processing credit card, debit card, or other forms of financial transactions for the Alibaba Stores;

    d.  the identities and addresses of the Merchant Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in

concert or in participation with any of them, including without limitation, identifying information associated with the Merchant Defendants' Alibaba Stores;

e. payments made to or by the Merchant Defendants in exchange for goods or services provided by or to the Merchant Defendants, including information sufficient to identify the recipient and beneficiary of such payment;

f. identifying information, including full account numbers;

g. account opening documents, including account applications, signature cards, copies of identification documents provided and, if a business account, copies of any corporate resolution to open account and other business documents provided which may include articles of incorporation for the business;

h. all deposits and withdrawals and any supporting documentation, including deposit slips, withdrawal slips, cancelled checks (both sides), and periodic account statements;

i. all wire transfers into the financial accounts, including documents sufficient to identify the source of transferred funds, such as documents reflecting the name of bank or entity from which the funds originated, the account number from which the funds were transferred, and the name of the person or entity from whose account such funds were transferred; and

j. all wire transfers out of the financial accounts, including documents sufficient to identify the destination of the transferred funds, such as documents reflecting the name of the beneficiary of such transfer, the identity of the beneficiary's bank, and the beneficiary's full account number.

7. IT IS FURTHER ORDERED that Plaintiffs may request discovery by providing actual notice of this Order along with a subpoena, pursuant to Fed. R. Civ. P. 45, to any other

third party service providers that have provided services for any Merchant Defendant, or any of the Merchant Defendants' Alibaba Stores ("**Third Party Service Providers**").

8. IT IS FURTHER ORDERED that any third party that has received proper notice of this Order pursuant to Fed. R. Civ. P. 65(d)(2), and requires clarifications as to its duties, if any, under this Order, may make an application to this Court, with notice to Plaintiffs' counsel.

*The existing bond shall remain in place.*

IT IS SO ORDERED.

DATED this 13th day of August, 2015
Hour: 3:51 a.m./p.m.

By: _____
UNITED STATES DISTRICT JUDGE