**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

R. Bruce Rich
+1 (212) 310-8170
bruce.rich@weil.com

BY ECF

November 10, 2015

Hon. P. Kevin Castel
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12C
New York, NY 10007

> Re: *Gucci America, Inc., et. al v. Alibaba Group Holding, Ltd., et. al*, 1:15-cv-03784 (PKC)

Dear Judge Castel:

While preparing our response on the Alibaba defendants' behalf to Mr. Weigel's November 6 letter conveying Plaintiffs' desire to be excused from their commitment to mediate the issues presented by the above-captioned case (Dkt. 44), we received late yesterday Your Honor's order "strongly recommend[ing]" that the parties proceed with such mediation (Dkt. 45). We write to advise the Court that Alibaba strongly endorses so proceeding. Insofar as Plaintiffs have sought to impugn Alibaba's good faith in proposing mediation, we also wish to briefly place in proper context the referenced statements attributed to Jack Ma, Executive Chairman of Alibaba Group Holding, Ltd., in the *Forbes* article.

Mr. Ma was interviewed by *Forbes* prior to the parties' September court appearance at which the topic of mediation was discussed. That interview took place in the aftermath of Plaintiffs' abrupt decision to terminate prior settlement discussions in favor of recommencing litigation. It is thus not surprising that Mr. Ma would express frustration with the course of Alibaba's relationship with Plaintiffs since the commencement of this litigation.

Plaintiffs strategically timed the filing of the original complaint, in July 2014, to coincide with the run-up to Alibaba's much-anticipated IPO, hoping to extract maximum (and presumably immediate) settlement leverage. When it became abundantly clear that Alibaba would not be so intimidated, Plaintiffs agreed to withdraw the complaint without prejudice to enable what Alibaba proposed (and believed) would be a constructive settlement dialogue between the parties. A number of discussions ensued, culminating in an April 2015 meeting in Paris. Regrettably, Plaintiffs terminated those discussions and, in July 2015, recommenced this litigation. In so acting, Plaintiffs rejected a series of specific good-faith proposals made by Alibaba to fashion realistic, attainable, and cooperative

approaches to reducing the incidence of counterfeiting on Alibaba platforms. Plaintiffs' preferred course appears to be a costly, multi-year lawsuit that Plaintiffs' counsel has conceded is a "test case" seeking to alter the current state of the law and shift virtually the entire responsibility for policing Plaintiffs' trademarks onto Alibaba's shoulders. This all-important context for the remarks attributed to Mr. Ma appears nowhere in the *Forbes* article—nor, via Plaintiffs' naked provision of snippets from that highly slanted and factually dubious piece of reporting, was the Court given that explanatory backdrop.

The proposal made by Alibaba at the September 25 court conference to enter mediation even as briefing on the pending motions to dismiss proceeds followed careful deliberation by Alibaba. It reflected the hope that the objective views of an impartial third party trained in mediation might, even in the face of Plaintiffs' intransigence, open the door to an amicable resolution of this litigation. With their latest filing, Plaintiffs have demonstrated their continued resistance to proceeding with good-faith mediation. Along with the Court, we will await word as to their intentions.

Respectfully submitted,


/s/ R. Bruce Rich

cc: Robert L. Weigel, Esq.