**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Robert Weigel
Direct: +1 212.351.3845
Fax: +1 212.351.5236
RWeigel@gibsondunn.com

November 11, 2015

<u>VIA ECF</u>

Honorable P. Kevin Castel
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007

Re:    <u>Gucci America, Inc. v. Alibaba Group Holding, Ltd., No. 2015 Civ. 03784 (PKC)</u>

Dear Judge Castel:

I write on behalf of Plaintiffs in the above-captioned action in response to the Court's order dated November 9, 2015, and the letter sent by Defendants' counsel on November 10, 2015.

After consulting with our clients, we will proceed in good faith to mediation in the hope of reaching a resolution and we accept the wisdom of the Court's statement that "public positions and positions in confidential talks have been known to vary."  We are hopeful that is the case here.  We will reach out to Defendants' counsel directly to resume the discussions that were underway before Mr. Ma's comments in *Forbes* became public.

Although the tone of Alibaba's letter to the Court is more in keeping with Mr. Ma's statements to *Forbes* than with a party truly interested in settlement, we will keep in mind the Court's admonition and Mr. Rich's role as an advocate, and will move forward to select a mediator.  We hope that future settlement discussions will not be discussed in a letter to the Court and we will not respond to Alibaba's statements about the prior negotiations except to state that senior executives from Kering met several times with representatives from Alibaba over a period of months.  The talks broke off when it became clear that Alibaba was continuing to offer for sale—and profit from—more and more products that Alibaba clearly knew to be counterfeit, even as our discussions were ongoing.

There is one point that does require a response.  This is a "test case" in the sense that it is brought against Alibaba and the other defendants over the sales of just 31 specific merchants out of the tens of thousands of merchants selling counterfeit products on Alibaba's platforms.  Although we certainly hope that Alibaba will adjust its behavior towards the other counterfeiters in accordance with the outcome in this lawsuit, it is Alibaba's conduct with

**GIBSON DUNN**

Honorable P. Kevin Castel
November 11, 2015
Page 2

respect to these 31 merchants that is at issue in this action.  Contrary to the assertions in Alibaba's letter, this case does not involve an "extension" of existing law, as evidenced by Alibaba's decision not to move to dismiss any of the Lanham Act claims.  *See also Order Denying Defendant's Motion for Judgment on the Pleadings, Spy Optic, Inc. v. Alibaba.com, Inc.*, CV 15-000659-BRO (JCx) (C.D. Cal. Sept. 28 2015) (denying Alibaba's motion to dismiss claims for direct and contributory trademark infringement and counterfeiting).

Respectfully submitted,

/s/ Robert L. Weigel

Robert L. Weigel

cc:   Bruce Rich