UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GUCCI AMERICA, INC.; BALENCIAGA S.A.; BALENCIAGA AMERICA, INC.; BOTTEGA VENETA S.A.; BOTTEGA VENETA INC.; YVES SAINT LAURENT AMERICA, INC.; LUXURY GOODS INTERNATIONAL (L.G.I.) S.A.; and KERING S.A., | x<br>:<br>:<br>:<br>:<br>:<br>:<br>: | |
| Plaintiffs, | :<br>: | NO. 15-CV-3784 (PKC) |
| v. | :<br>: | |
| ALIBABA GROUP HOLDING LTD., et al., | :<br>: | |
| Defendants. | :<br>x | |

## <u>ANSWER</u>

Pursuant to Rules 8 and 15 of the Federal Rules of Civil Procedure, Defendants Alibaba Group Holding Ltd.; Alibaba.com Hong Kong Ltd.; Alibaba.com Ltd.; Alibaba (China) Technology Co., Ltd.; Taobao China Holding Ltd.; Taobao (China) Software Co., Ltd.; and Alipay.com Co., Ltd. (collectively, "Defendants") hereby answer the Second Amended Complaint filed on September 3, 2015 ("SAC") by Plaintiffs Gucci America, Inc. ("Gucci"), Balenciaga, S.A. and Balenciaga America, Inc. ("Balenciaga"), Bottega Veneta International S.A. and Bottega Veneta Inc. ("Bottega Veneta"),Yves Saint Laurent America, Inc. and Luxury Goods International (L.G.I.) S.A. ("YSL"), and Kering S.A. ("Kering") (collectively, "Plaintiffs") as follows.  Except as specifically admitted, Defendants deny the allegations in the SAC.  Unless otherwise noted, all references to a specified paragraph refer to the numbered paragraphs in the SAC.  The SAC's section headings are carried over for ease of reference only, and Defendants deny any allegations contained in the section headings.

In submitting this Answer, Defendants expressly preserve and do not waive any other applicable rights, defenses, or objections.  Defendants also expressly reserve the right to amend this Answer and their affirmative defenses based on, *inter alia*, discovery, factual developments, and Defendants' ongoing investigation of Plaintiffs' claims.  No incidental or implied admissions are intended by this Answer.  Unless expressly stated herein, nothing in this Answer should be construed as an admission that Defendants admit the existence of any facts set forth in the SAC.  Additionally, Defendants make no representations, concessions, or admissions regarding the relevancy or appropriateness of any facts set forth in the SAC.  The responses in this Answer are provided as of the SAC.

## <u>NATURE OF THE ACTION</u>

1.      Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 1.

2.      Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 2.

3.      Defendants lack knowledge sufficient to admit or deny the first two sentences of Paragraph 3 and admit the last five sentences of Paragraph 3.

4.      Deny.

5.      Deny.

6.      Deny.

7.      Defendants admit that Hangzhou Yanbei Trading Company was listed as a Gold Supplier and an Assessed Supplier, lack knowledge sufficient to admit or deny the last sentence of Paragraph 7 and otherwise deny the allegations in Paragraph 7.

8.      Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 8.

WEIL:\95814674\2\13194.0003

9.     Defendants admit that Shenzhen Meigeer Watch Co., Ltd. was listed as a Gold Supplier and an Assessed Supplier and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 9.

10.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 10.

11.     Deny.

12.     Defendants lack knowledge sufficient to admit or deny the allegations in the second sentence of Paragraph 12 and otherwise deny the allegations in Paragraph 12.

13.     Defendants admit that the quoted language appears in Alibaba Group's F-1 Registration Statement and otherwise deny the allegations in Paragraph 13.

14.     Defendants admit that the quoted language appears in Alibaba Group's F-1 Registration Statement and otherwise deny the allegations in Paragraph 14.

15.     Defendants admit they permit the sale of certain keywords on Alibaba.com, AliExpress.com and Taobao.com and otherwise deny the allegations in Paragraph 15.

16.     Deny.

17.     Defendants admit that the quoted language appears in Alibaba Group's F-1 Registration Statement and otherwise deny the allegations in Paragraph 17.

18.     Defendants deny the allegations in Paragraph 18 except admit that Alipay accepts customers' credit cards and processes sales through various credit card systems.

19.     Deny.

20.     No response required.  Per this Court's August 4, 2016 Order, Plaintiffs' RICO claims have been dismissed (Dkt. No. 60).

WEIL:\95814674\2\13194.0003

## PARTIES

21.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 21.

22.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 22.

23.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 23.

24.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 24.

25.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 25.

26.    Defendants admit that Alibaba Group Holding Ltd.'s ("Alibaba Group") principal executive offices of its main operations is at 969 West Wen Yi Road, Yu Hang District, Hangzhou 311121, People's Republic of China (PRC) and that Alibaba Group's registered office in the Cayman Islands is located at the offices of Trident Trust Company (Cayman) Limited, Fourth Floor, One Capital Place, P.O. Box 847, George Town, Grand Cayman, Cayman Islands and that Alibaba Group's agent for service of process pertaining to securities actions in the United States is Corporation Service Company located at 1180 Avenue of the Americas, Suite 210, New York, New York 10036.

27.    Admit.

28.    Admit.

29.    No response required.  Alibaba.com Investment Holding Ltd. was voluntarily dismissed from this action on November 10, 2015 (*See* Dkt. No. 47).

WEIL:\95814674\2\13194.0003

30.     No response required.  Alibaba.com Investment Ltd. was voluntarily dismissed from this action on November 10, 2015 (*See* Dkt. No. 47).

31.     Admit.

32.     No response required.  Alibaba.com, Inc. was voluntarily dismissed from this action on November 10, 2015 (*See* Dkt. No. 47).

33.     No response required.  Taobao Holding Ltd. was voluntarily dismissed from this action on November 10, 2015 (*See* Dkt. No. 47).

34.     Admit.

35.     Admit.

36.     Admit.

37.     Admit, although, for purposes of this Answer, the term "Alibaba Defendants" will be construed to refer to Alibaba Group, Alibaba.com Hong Kong, Alibaba Ltd., Alibaba Technology, Taobao China Holding, Taobao Software (collectively "the AGHL Defendants"), and Alipay.

38.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 38.

39.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 39.

40.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 40.

41.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 41.

WEIL:\95814674\2\13194.0003

42.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 42.

43.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 43.

44.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 44.

45.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 45.

46.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 46.

47.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 47.

48.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 48.

49.     Defendants admit that Guangzhou Feiteng Junye Gifts Manufacturing Co., Ltd. was listed as a Gold Supplier and otherwise lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 49.

50.     Defendants admit that Shenzhen Lin Jun Leather Co., Ltd. was listed as a Gold Supplier and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 50.

51.     Defendants admit that Yiwu Wirbest E-Commercial Firm was listed as a Gold Supplier and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 51.

WEIL:\95814674\2\13194.0003

## JURISDICTION AND VENUE

52.      The allegations in Paragraph 52 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants respond that per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

53.      The allegations contained in Paragraph 53 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 53.

54.      The allegations contained in Paragraph 54 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 54.

     a.      Deny.

     b.      Deny.

         i.        Admit.

     c.      Admit.

     d.      Admit.

     e.      Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 54(e).

     f.      Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 54(f).

     g.      Deny.

     h.      Defendants admit the first sentence of Paragraph 54(h) and otherwise deny the allegations of Paragraph 54(h).

     i.      Deny.

WEIL:\95814674\2\13194.0003

j.      Admit.

k.      Admit.

  i.  Defendants deny the first and second sentences of Paragraph 54(k)(i) and lack knowledge sufficient to admit or deny the last sentence of Paragraph 54(k)(i).

  ii.  Defendants deny the first and second sentences of Paragraph 54(k)(ii) and lack knowledge sufficient to admit or deny the last sentence of Paragraph 54(k)(ii).

  iii.  Defendants deny the first sentence of Paragraph 54(k)(iii), admit the second sentence of Paragraph 54(k)(iii), and lack knowledge sufficient to admit or deny the last sentence of Paragraph 54(k)(iii).

  iv.  Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 54(k)(iv).

l.      Admit.

m.      Defendants admit that certain Alibaba Defendants maintain places of business in the United States but note that the entities that operate the platforms are all located outside of the United States.

  i.  Defendants admit that Alibaba Group maintains a cloud computing data center in the United States and otherwise denies the allegations in Paragraph 54(m)(i).

  ii.  No response required.  Alibaba.com, Inc. was voluntarily dismissed from this action on November 10, 2015 (*See* Dkt. No. 47).

  iii.  No response required.  Alibaba.com, Inc. was voluntarily dismissed from this action on November 10, 2015 (*See* Dkt. No. 47).

  iv.  Deny.

  v.  Admit.

WEIL:\95814674\2\13194.0003

vi.      Defendants admit that the quoted language appears in the Alizila article and otherwise deny the allegations in Paragraph 54(m)(vi).

vii.      Deny.

n.      Defendants admit that the Alibaba Group has made investments in companies in the United States.

i.      Admit.

ii.      Admit.

iii.      Defendants admit that Alibaba Group invested approximately $15 million in 1stdibs on or about January 2014.

iv.      Defendants admit the allegations in Paragraph 54(n)(iv) but clarify that the F-1 states that Shoprunner is a U.S. company which "operates an online shopping platform for buyers."

v.      Defendants admit that, between April and May 2015, Alibaba acquired a 9.3% stake in zulily inc., a U.S. online retailer and Delaware corporation.

o.      Defendants admit the first sentence of Paragraph 54(o) and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 54(o).

p.      Deny.

i.      Defendants admit that the quoted language appears in Alibaba Group's F-1 Registration Statement and otherwise deny the allegations in Paragraph 54(p)(i).

ii.      Deny.

iii.      Deny.

iv.      Deny.

v.      Deny.

WEIL:\95814674\2\13194.0003

vi.       Admit.

vii.      Admit.

viii.     Defendants admit that the quoted language appears in Alibaba Group's Form 20-F Annual Report.

ix.       Defendants admit that the quoted language appears in Alibaba Group's Form 20-F Annual Report and otherwise deny the allegations in Paragraph 54(p)(ix).

x.        No response required.  Alibaba.com Investment Holding Ltd. was voluntarily dismissed from this action on November 10, 2015 (See Dkt. No. 47).

xi.       No response required.  Alibaba.com Investment Ltd. was voluntarily dismissed from this action on November 10, 2015 (*See* Dkt. No. 47).

xii.      Admit.

xiii.     No response required.  Taobao Holding Ltd. was voluntarily dismissed from this action on November 10, 2015 (*See* Dkt. No. 47).

xiv.      Admit.

xv.       The AGHL Defendants admit that the quoted language is present in Alibaba Group's Form 20-F, but otherwise deny the allegations in Paragraph 54(p)(xv).

xvi.      Admit.

q.        Defendants admit the first sentence of Paragraph 54(q) and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 54(q).

r.        Deny.

s.        Deny.

t.        Deny.

10

u.      Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 54(u).

v.      Deny.

55.    The allegations contained in Paragraph 55 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 55.

## FACTUAL BACKGROUND

**I.      Plaintiffs' Business and Marks**

56.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 56.

## GUCCI

57.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 57.

58.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 58.

59.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 59.

60.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 60.

61.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 61.

62.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 62.

WEIL:\95814674\2\13194.0003

63.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 63.

## **BALENCIAGA**

64.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 64.

65.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 65.

66.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 66.

67.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 67.

68.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 68.

## **BOTTEGA VENETA**

69.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 69.

70.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 70.

71.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 71.

72.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 72.

WEIL:\95814674\2\13194.0003

73.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 73.

**YSL**

74.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 74.

75.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 75.

76.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 76.

77.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 77.

78.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 78.

79.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 79.

80.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 80.

81.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 81.

**II.     Counterfeiting and the Internet**

82.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 82.

83.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 83.

WEIL:\95814674\2\13194.0003

84.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 84.

### III.    Defendants' Business

85.    Defendants deny the last two sentences of Paragraph 85 and otherwise admit the allegations in Paragraph 85.

86.    Defendants admit that certain Alibaba Group entities operate the Taobao Marketplace and AliExpress.com and that the cited graphic appears in Alibaba Group's Form F-1

87.    Defendants admit that the quoted language appears Alibaba Group's F-1 Registration Statement and otherwise deny the allegations in Paragraph 87 to the extent they misrepresent the 2015 Presentation, which states that the mobile Taobao App was the No. 1 e-commerce app in China in 2015.

88.    Admit.

89.    Admit.

90.    Defendants admit that certain Alibaba Defendants have employees in the United States and that their online platforms reach Internet users worldwide.

91.    Admit.

a.    Defendants admit that the quoted language appears in Alibaba Group's Form 20-F but otherwise deny the allegations in Paragraph 91(a).

b.    Admit.

c.    Admit.

d.    Defendants admit that the quoted language appears in Alibaba Group's F-1 Registration Statement but otherwise deny the allegations in Paragraph 91(d).

WEIL:\95814674\2\13194.0003

e.     Defendants admit that the quoted language appears in Alibaba Group's F-1 Registration Statement but otherwise deny the allegations in Paragraph 91(e).

92.     Defendants admit the first two sentences and the last sentence of Paragraph 92 and that the quoted language is appears in Alibaba Group's Form 6-K.  Defendants lack knowledge sufficient to admit or deny the third sentence of Paragraph 92.

93.     Defendants admit that the quoted language appears in Alibaba Group's F-1 Registration Statement but otherwise deny the allegations in Paragraph 93.

94.     Defendants admit that Trade Assurance is a free service offered by Alibaba.com and otherwise deny the allegations in Paragraph 94.

95.     Admit.

96.     Defendants admit that Taobao offers a consumer protection service to buyers who meet certain requirements as described at

https://www.taobao.com/go/market/xiaobao/xbintro.php (last visited Sept. 19, 2016).

97.     Deny.

98.     Admit.

99.     Admit.

**IV.      The Sale of Counterfeit Products Through the Alibaba Marketplaces**

100.   Deny.

101.   Defendants admit that the quoted language appears in Alibaba Group's F-1 Registration Statement and otherwise deny the allegations in Paragraph 101.

102.   Deny.

WEIL:\95814674\2\13194.0003

A.      **Alibaba.com**

103.   Defendants admit that the quoted language appears in Alibaba Group's F-1 Registration Statement and otherwise deny the allegations in Paragraph 103.

104.   Defendants admit that the quoted language appears in Alibaba Group's F-1 Registration Statement and otherwise deny the allegations in Paragraph 104.

105.   Deny.

106.   Defendants admit the first two sentences of Paragraph 106 and otherwise deny the allegations in Paragraph 106.

107.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 107.

108.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 108.

109.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 109.

110.   Defendants deny that it was obvious that Hangzhou Yanbei was selling counterfeit products, admit that Hangzhou Yanbei was listed as a Gold Supplier and an Assessed Supplier and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 110.

111.   Deny.

112.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 112.

113.   Defendants deny that it was obvious that Yiwu Bothwiner was selling counterfeit products, admit that Yiwu Bothwiner was listed as a Gold Supplier and an Assessed Supplier and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 113.

WEIL:\95814674\2\13194.0003

114.   Deny.

115.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 115.

116.   Defendants deny that it was obvious that Guangzhou Yongxing was selling counterfeit products, admit that Guangzhou Yongxing was listed as a Gold Supplier and an Assessed Supplier and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 116.

117.   Deny.

118.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 118.

119.   Defendants admit that Shenzhen Lin Jun Leather was listed as a Gold Supplier and had undergone an onsite check and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 119.

120.   Defendants deny that it was obvious that Shenzhen Lin Jun Leather was selling counterfeit products and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 120.

121.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 121.

122.   Deny.

123.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 123.

WEIL:\95814674\2\13194.0003

124.   Defendants admit that Yiwu Wirbest was listed as a Gold Supplier and had undergone an onsite check and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 124.

125.   Defendants deny that it was obvious that Yiwu Wirbest was selling counterfeit products and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 125.

126.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 126.

127.   Deny.

128.   Deny.

129.   Defendants admit that Dongguan Huawang was listed as a Gold Supplier and an Assessed Supplier and that Huawang had a listing on or about May 27, 2014 for "high quantity & fashion pu leather for gucci bags" that was reported and removed and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 129.

130.   Deny.

131.   Defendants deny the second to last sentence of Paragraph 131, admit that Guangzhou Feiteng was listed as a Gold Supplier and an Assessed Supplier and had undergone an onsite check and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 131.

132.   Deny.

133.   Deny.

134.   Deny.

135.   Deny.

WEIL:\95814674\2\13194.0003

136.   Defendants deny the first sentence of Paragraph 136 and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 136.

137.   Deny.

138.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 138.

139.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 139.

140.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 140.

141.   Deny.

142.   Defendants deny the second sentence in Paragraph 142 and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 142.

143.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 143.

144.   Defendants admit that Shen Zhen Aiers was listed as a Gold Supplier and an Assessed Supplier and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 144.

145.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 145.

146.   Defendants deny that it was obvious that Shen Zhen Aiers was selling counterfeit products and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 146.

147.   Deny.

WEIL:\95814674\2\13194.0003

148.   Deny.

149.   Defendants admit that Shen Zhen Aiers was listed as a Gold Supplier and an Assessed Supplier and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 149.

150.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 150.

151.   Defendants deny that it was obvious that Shenzhen Meigeer was selling counterfeit products and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 151.

152.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 152.

153.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 153.

154.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 154.

155.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 155.

156.   Deny.

157.   Deny.

158.   Defendants admit that Shenzhen Babylon was listed as a Gold Supplier and had undergone an onsite check and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 158.

WEIL:\95814674\2\13194.0003

159.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 159.

160.   Deny.

161.   Deny.

162.   Deny.

163.   Deny.

164.   Deny.

165.   Deny.

166.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 166.

**B.    Taobao.com**

167.   Defendants admit that Taobao requires individual users to provide photo identification before opening a storefront and otherwise deny the allegations in Paragraph 167.

168.   Deny.

169.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 169.

170.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 170.

171.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 171.

172.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 172.

173.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 173.

WEIL:\95814674\2\13194.0003

174.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 174.

175.   Defendants admit that Plaintiffs' representatives have filed complaints regarding merchandise on Taobao.com and otherwise deny the allegations in Paragraph 175.

176.   Deny.

177.   Defendants admit that Plaintiffs' representatives have filed complaints regarding merchandise on Taobao.com and otherwise deny the allegations in Paragraph 177.

178.   Defendants deny the third sentence of Paragraph 178, admit that a report was filed against VANCS Where Boutique on May 21, 2014, and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 178.

179.   Deny.

180.   Deny.

181.   Defendants deny the last sentence of Paragraph 181, admit that a report was filed against Celebrity Shoe on April 25, 2014, and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 181.

182.   Defendants deny the last sentence of Paragraph 182, admit that a report was filed against Jinlong Luxury City on May 21, 2014, and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 182.

183.   Defendants deny the last sentence of Paragraph 183, admit that a report was filed against Gucci Fashion Shop on May 7, 2014, and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 183.

WEIL:\95814674\2\13194.0003

184.   Defendants deny the last sentence of Paragraph 184, admit that a report was filed against Huiming Leather Mall on April 16, 2014, and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 184.

185.   Defendants deny the last sentence of Paragraph 185, admit that a report was filed against Hong Kong Longitude and Latitude International Trading on February 24, 2014, and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 185.

186.   Defendants deny the second to last sentence of Paragraph 186, admit that a report was filed against Coco Fashion Style on April 25, 2014, and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 186.

187.   Defendants deny the last sentence of Paragraph 187 and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 187.

188.   Defendants admit that reports were filed against Kou Kou Dai (Buckle the Pocket) on December 29, 2014 and on April 15, 2015, and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 188.

189.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 189.

190.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 190.

191.   Deny.

192.   Defendants admit that a report was filed against Europe and E News on December 18, 2014 and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 192.

WEIL:\95814674\2\13194.0003

193.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 193.

194.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 194.

195.   Deny.

196.   Defendants admit that reports were filed against Yao Ming and Tracey on December 5, 2014, April 17, 2015, April 24, 2015, April 30, 2015, May 8, 2015, and May 14, 2015, and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 196.

197.   Defendants deny the last sentence of Paragraph 197 and otherwise lack information sufficient to admit or deny the allegations in Paragraph 197.

198.   Deny.

199.   Deny.

200.   Deny.

201.   Deny.

202.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 202.

203.   Defendants deny that it was obvious that Ladylidy Shop was selling counterfeit products and otherwise lack information sufficient to admit or deny the allegations in Paragraph 203.

204.   Deny.

205.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 205.

WEIL:\95814674\2\13194.0003

206.   Defendants deny that it was obvious that Picasso Trend was selling counterfeit products and otherwise lack information sufficient to admit or deny the allegations in Paragraph 206.

207.   Deny.

208.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 208.

209.   Defendants deny that it was obvious that Amy Luxury Goods was selling counterfeit products and otherwise lack information sufficient to admit or deny the allegations in Paragraph 209.

210.   Deny.

211.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 211.

212.   Defendants deny that it was obvious that Merchant Lehi Textile Behalf was selling counterfeit products and otherwise lack information sufficient to admit or deny the allegations in Paragraph 212.

213.   Deny.

214.   Deny.

215.   Deny.

**C.**     **AliExpress.com**

216.   Defendants admit that the quoted language appears in Alibaba Group's Form F-1 and otherwise deny the allegations in Paragraph 216.

217.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 217.

WEIL:\95814674\2\13194.0003

218.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 218.

219.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 219.

220.   Defendants deny that it was apparent that Fashion Zone Ltd. was selling counterfeit products and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 220.

221.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 221.

222.   Deny.

223.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 223.

224.   Defendants deny that it was apparent that Star Factory was selling counterfeit products and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 224.

225.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 225.

226.   Deny.

227.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 227.

228.   Defendants deny that it was apparent that Brand Bag Boutique was selling counterfeit products and admit that Brand Bag Boutique had a listing on or about April 27, 2015

WEIL:\95814674\2\13194.0003

for "luxury guchi tote bag bucket brand designer handbag" that was reported and removed and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 228.

229.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 229.

230.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 230.

231.   Deny.

232.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 232.

233.   Defendants deny that it was obvious that Yun Mi's Store was selling counterfeit products and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 233.

234.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 234.

235.   Deny.

236.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 236.

237.   Defendants deny that it was obvious that Luxury2000 was selling counterfeit products and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 237.

238.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 238.

239.   Deny.

WEIL:\95814674\2\13194.0003

240.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 240.

241.   Defendants deny that it was obvious that Burberritti Fashion Plaid Bag was selling counterfeit products and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 241.

242.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 242.

243.   Deny.

244.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 244.

245.   Defendants deny that it was obvious that Sunny Home Store was selling counterfeit products and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 245.

246.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 246.

247.   Deny.

248.   Deny.

249.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 249.

250.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 250.

251.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 251.

WEIL:\95814674\2\13194.0003

252.   Deny.

253.   Deny.

254.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 254.

255.   Deny.

256.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 256.

**V.     The Alibaba Defendants' Unauthorized Sale of Plaintiffs' Marks as Keywords**

257.   Defendants admit the first three sentences of Paragraph 257 and otherwise deny the allegations in Paragraph 257.

258.   Deny.

259.   Admit.

260.   Deny.

261.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 261(a)-(e).

262.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 262(a)-(e).

263.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 263(a)-(e).

264.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 264(a)-(e).

265.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 265.

WEIL:\95814674\2\13194.0003

266. Deny.

267. At this time, Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 267.

268. Deny.

269. Deny.

## VI.    The Alibaba Defendants' Processing of Counterfeit Sales Through the Alibaba Marketplaces

270. Defendants admit that the quoted language appears in Alibaba Group's Form F-1 and otherwise deny the allegations in Paragraph 270.

271. Defendants admit that the quoted language appears in Alibaba Group's Form F-1 and otherwise deny the allegations in Paragraph 271.

272. Defendants admit the first three sentences of Paragraph 272 and deny the last sentence of Paragraph 272.

273. Deny.

274. Deny.

275. Defendants admit the first, second, and fourth sentences of Paragraph 275 and deny the third sentence.

276. Defendants admit that the quoted language appears in Alibaba Group's Form F-1 and otherwise deny the allegations in Paragraph 276.

277. Defendants admit that the quoted language appears in Alibaba Group's Form F-1 and otherwise deny the allegations in Paragraph 277.

278. Deny.

279. Deny.

280. Deny.

WEIL:\95814674\2\13194.0003

281.   Defendants admit that the quoted language appears in Alibaba Group's Form F-1 and otherwise deny the allegations in Paragraph 281.

282.   Defendants admit the first sentence of Paragraph 282 and lack knowledge sufficient to admit or deny the second and third sentences of Paragraph 282.

283.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 283.

284.   Deny.

285.   Deny.

VII.   **The Alibaba Defendants' Are an Indispensable Part of the Enterprise to Sell the Counterfeit Products, Resulting in Consumer Confusion and Harm to Plaintiffs**

286.   Deny.

287.   Deny.

288.   Deny.

289.   Deny.

290.   Deny.

   a.   Defendants admit that the quoted language appears in Alibaba Group's F-1 Registration Statement and otherwise deny the allegations in Paragraph 290(a).

   b.   Defendants admit that the quoted language appears in Alibaba Group's F-1 Registration Statement and otherwise deny the allegations in Paragraph 290(b).

   c.   Deny.

   d.   Admit.

291.   Deny.

   a.   Deny.

WEIL:\95814674\2\13194.0003

b.      Defendants admit that the Alibaba Group owns 48% of China Smart Logistics (Zhejiang Cainiao Supply Chain Management Co., Ltd.), which provides a logistics solution to some sellers on the Alibaba Marketplaces and otherwise deny the allegations in Paragraph 291(b).

c.      Defendants admit the second, fourth, and fifth sentences of Paragraph 291(c) and otherwise deny the allegations in Paragraph 291(c).

d.      Deny.

e.      Deny.

f.      Admit.

g.      Admit.

h.      Defendants admit that the quoted language appears in Alibaba Group's F-1 Registration Statement and otherwise deny the allegations in Paragraph 291(h) insofar as they misrepresent the SEC filing they purport to be citing.

i.      Admit.

292.   Deny.

a.      Defendants admit that in the year ended March 13, 2015, the Alibaba Defendants generated $12.293 billion in revenue and $3.923 billion in net income and otherwise deny the allegations in Paragraph 292(a).

b.      Deny.

c.      Defendants admit that Alipay derives revenue from each payment transaction for which it provides processing and/or escrow services and otherwise deny the allegations in Paragraph 292(c).

WEIL:\95814674\2\13194.0003

VIII.    **The Alibaba Defendants' Unwillingness to Refrain from Trademark Infringement**

293.   Defendants admit they have received complaints that certain merchandise offered by third parties through their marketplaces infringe third-party intellectual property rights and otherwise deny the allegations in Paragraph 293.

294.   Defendants admit that, they have, from time to time been subject to PRC and other foreign government inquiries and investigations, including those relating to website content and alleged third-party intellectual property infringement and otherwise deny the allegations in Paragraph 294.

a.    Admit.

295.   Defendants admit that they have implemented the listed measures and otherwise deny the allegations in Paragraph 295.

296.   Defendants admit that Taobao has a policy prohibiting counterfeit goods on its platform,           which          is          described          at          https://rule.taobao.com/detail-14.htm?spm=a2177.7231193.0.0.3pxsHD&tag=self&cId=114 (last visited Sept. 19, 2016) and https://rule.taobao.com/detail-14.htm?spm=a2177.7231205.0.0.mL12fC&tag=self#200          (last visited Sept. 19, 2016) and otherwise deny the allegations in Paragraph 296.

297.   Defendants admit that Taobao imposes penalties on sellers that offer counterfeit goods          which          are          described          at          https://rule.taobao.com/detail-14.htm?spm=a2177.7231193.0.0.3pxsHD&tag=self&cId=114 (last visited Sept. 19, 2016) and https://rule.taobao.com/detail-14.htm?spm=a2177.7231205.0.0.mL12fC&tag=self#200          (last visited Sept. 19, 2016) and otherwise deny the allegations in Paragraph 297(a)-(d).

298.   Deny.

a.    Deny.

WEIL:\95814674\2\13194.0003

      b.    Deny.

      c.    Deny.

299.   Defendants admit that the quoted language appears in *Intellectual Property Rights (IPR) Protection Policy*, which was last updated on or about February 10, 2014 and otherwise deny the allegations in Paragraph 299.

300.   Defendants admit that Alibaba.com and AliExpress.com award sellers penalty points for offering infringing products and take enforcement actions based on, among other things, penalty points and otherwise deny the allegations in Paragraph 300.

301.   Defendants admit that, in addition to other stated penalties, Alibaba.com sets forth certain enforcement actions corresponding to penalty points incurred, including, but not limited to, issuing warnings, blocking of search results and mini-site, and termination of membership and otherwise deny the allegations in Paragraph 301(a)-(e).

302.   Defendants admit that, in addition to other stated penalties, AliExpress.com sets forth certain enforcement actions corresponding to penalty points incurred, including, but not limited to, issuing warnings, restricting product posting, freezing accounts, and termination of membership and otherwise deny the allegations in Paragraph 302(a)-(f).

303.   Deny.

      a.    Deny.

      b.    Deny.

      c.    Deny.

304.   Defendants deny the third and fourth sentences of Paragraph 304 and otherwise admit the allegations in Paragraph 304.

305.   Deny.

WEIL:\95814674\2\13194.0003

306.   Defendants admit that Taobao imposes penalties on sellers that offer counterfeit goods which are described at https://rule.taobao.com/detail-14.htm?spm=a2177.7231193.0.0.3pxsHD&tag=self&cId=114 (last visited Sept. 19, 2016) and https://rule.taobao.com/detail-14.htm?spm=a2177.7231205.0.0.mL12fC&tag=self#200 (last visited Sept. 19, 2016) and otherwise deny the allegations in Paragraph 306.

307.   Deny.

308.   Defendants admit that they have entered into agreements with other brands aimed at combating counterfeiting and otherwise deny the allegations in Paragraph 308.

309.   Defendants admit that Taobao imposes penalties on sellers that offer counterfeit goods which are described at https://rule.taobao.com/detail-14.htm?spm=a2177.7231193.0.0.3pxsHD&tag=self&cId=114 (last visited Sept. 19, 2016) and https://rule.taobao.com/detail-14.htm?spm=a2177.7231205.0.0.mL12fC&tag=self#200 (last visited Sept. 19, 2016) and otherwise deny the allegations in Paragraph 309.

310.   Deny.

311.   Deny.

312.   Deny.

313.   Deny.

314.   Defendants admit the first sentence of Paragraph 314 and otherwise deny the allegations in Paragraph 314.

IX.     **Consumer Confusion and Harm to Plaintiffs**

A.      **Plaintiffs' Marks as Keywords**

315.   Defendants admit that they have offered certain of Plaintiffs' Marks as keywords in the past and otherwise deny the allegations in Paragraph 315.

WEIL:\95814674\2\13194.0003

316.    Defendants deny the third sentence and otherwise lack knowledge sufficient to admit or deny the allegations in Paragraph 316.

317.    Deny.

318.    Deny.

319.    Deny.

320.    Deny.

     a.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 320(a).

     b.    Deny.

     c.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 320(c).

     d.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 320(d).

     e.    Deny.

321.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 321.

**B.    Sale of Products Bearing Plaintiffs' Marks**

322.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 322.

323.    Deny.

324.    Deny.

325.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 325.

WEIL:\95814674\2\13194.0003

326.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 326.

327.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 327.

328.   Deny.

329.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 329.

330.   Deny.

331.   Deny.

### FIRST CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
(Trademark Infringement Under Sections 32 and 43(a)
of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a))

332.   Defendants incorporate their responses to Paragraphs 1-331 as if set forth herein.

333.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 333.

334.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 334.

335.   Deny.

336.   Deny.

337.   Deny.

338.   Deny.

339.   Deny.

## SECOND CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
(Trademark Counterfeiting Under Sections 32, 34, and 35
of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d), & 1117(b)-(c))

340.    Defendants incorporate their responses to Paragraphs 1-339 as if set forth herein.

341.  Deny.

342.  Deny.

343.  Deny.

344.  Deny.

345.  Deny.

## THIRD CAUSE OF ACTION
## AGAINST THE ALIBABA DEFENDANTS
(Contributory Trademark Infringement and Counterfeiting Under the Lanham Act)

346.   Defendants incorporate their responses to Paragraphs 1-345 as if set forth herein.

347.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 347.

348.   Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 348.

349.  Deny.

350.  Deny.

351.  Deny.

352.  Deny.

        a.      Deny.

        b.      Deny.

        c.      Deny.

        d.      Deny.

38

353.   Deny.

354.   Deny.

355.   Deny.

356.   Deny.

357.   Deny.

**FOURTH CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
(False Representation Under Section 43(a)
of the Lanham Act, 15 U.S.C. § 1125(a))

358.   Defendants incorporate their responses to Paragraphs 1-357 as if set forth herein.

359.   Defendants lack knowledge to admit or deny the allegations in Paragraph 359.

360.   Deny.

361.   Deny.

362.   Deny.

**FIFTH CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
(Trademark Dilution Under Section 43(c)
of the Lanham Act, 15 U.S.C. § 1125(c))

363.   Defendants incorporate their responses to Paragraphs 1-362 as if set forth herein.

364.   Defendants lack knowledge to admit or deny the allegations in Paragraph 364.

365.   Defendants lack knowledge to admit or deny the allegations in Paragraph 365.

366.   Deny.

367.   Deny.

368.   Deny.

369.   Deny.

370.   Deny.

WEIL:\95814674\2\13194.0003

## SIXTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
(Violations of Racketeer Influenced and Corrupt Organizations Act ("RICO")
18 U.S.C. § 1962(c))

371.   Defendants incorporate their responses to Paragraphs 1-370 as if set forth herein.

372.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

373.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

### The RICO Enterprise

374.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

375.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

376.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

a.       No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

b.       No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

c.       No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

d.       No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

377.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

## Pattern of Racketeering Activity

378.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

## Pattern of Racketeering Activity: Numerous Instances of Trafficking in Counterfeit Goods in Violation of 18 U.S.C. § 2320(a)(1)

379.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

380.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

381.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

a.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

b.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

c.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

d.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

e.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

WEIL:\95814674\2\13194.0003

f.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

g.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

h.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

i.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

j.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

k.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

l.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

m.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

n.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

o.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

p.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

WEIL:\95814674\2\13194.0003

q.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

r.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

s.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

t.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

u.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

v.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

382.   No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

383.   No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

384.   No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

**Pattern of Racketeering Activity: Multiple Instances of Money Laundering in Violation of 18 U.S.C. § 1956**

385.   No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

386.   No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

WEIL:\95814674\2\13194.0003

a.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

b.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

c.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

d.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

e.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

f.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

g.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

h.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

i.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

j.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

k.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

WEIL:\95814674\2\13194.0003

l.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

m.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

n.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

o.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

p.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

q.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

r.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

s.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

**Pattern of Racketeering Activity: Multiple Instances of Mail Fraud in Violation of 18 U.S.C. § 1341**

387.   No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

388.   No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

a.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

WEIL:\95814674\2\13194.0003

b.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

c.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

d.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

e.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

f.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

g.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

h.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

i.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

j.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

k.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

l.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

WEIL:\95814674\2\13194.0003

389.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

**Pattern of Racketeering Activity: Multiple Instances of Wire Fraud in Violation of 18 U.S.C. § 1343**

390.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

391.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

a.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

b.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

c.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

d.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

e.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

f.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

g.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

h.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

WEIL:\95814674\2\13194.0003

i.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

j.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

k.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

l.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

m.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

n.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

o.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

p.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

q.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

r.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

s.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

WEIL:\95814674\2\13194.0003

t.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

u.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

v.      No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

392.   No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

**Summary of the Pattern of Racketeering Activity Alleged Against Each RICO Defendant**

393.   No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

394.   No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

395.   No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

396.   No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

397.   No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

398.   No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

399.   No response required.  Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

400.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

## SEVENTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
(Conspiracy to Violate RICO, 18 U.S.C. § 1962(d))

401.   Defendants incorporate their responses to Paragraphs 1-400 as if set forth herein.

402.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

403.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

404.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

405.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

406.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

407.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

408.   No response required.   Per this Court's August 4, 2016 Order (Dkt. No. 60), Plaintiffs' RICO claims have been dismissed.

## EIGHTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
(Trademark Infringement Under New York Law)

409.   Defendants incorporate their responses to Paragraphs 1-408 as if set forth herein.

410.   Deny.

WEIL:\95814674\2\13194.0003

## NINTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
(Unfair Competition Under New York Law)

411.   Defendants incorporate their responses to Paragraphs 1-410 as if set forth herein.

412.   Deny.

## TENTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
(Trademark Dilution Under New York Law)

413.   Defendants incorporate their responses to Paragraphs 1-412 as if set forth herein.

414.   Deny.

## ELEVENTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
(Deceptive Acts and Practices Under New York Statutory Law)

415.   Defendants incorporate their responses to Paragraphs 1-414 as if set forth herein.

416.   Deny.

## AFFIRMATIVE AND OTHER DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred to the extent they are based on extraterritorial conduct that falls outside the Court's subject matter jurisdiction.

### Third Affirmative Defense

Plaintiffs' claims are barred by the doctrine of nominative use.

### Fourth Affirmative Defense

Plaintiffs' claims are barred to the extent they fall outside the applicable statute of limitations.

WEIL:\95814674\2\13194.0003

**Fifth Affirmative Defense**

Plaintiffs have failed to mitigate their damage, if any.

**Sixth Affirmative Defense**

Plaintiffs' claims are barred to the extent Plaintiffs failed to exercise sufficient quality control over the use of their trademarks.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred by the doctrines of equitable estoppel, laches, and/or waiver.

**Eighth Affirmative Defense**

Plaintiffs' prayer for damages is barred on the ground that any such damages were not the result of acts, representations, or omissions by the AGHL Defendants or Alipay.

**Ninth Affirmative Defense**

Plaintiffs' prayer for treble damages is barred on the ground that Plaintiffs cannot prove facts sufficient to show that the AGHL Defendants or Alipay used Plaintiffs' marks knowing them to be counterfeit.

**Tenth Affirmative Defense**

Plaintiffs' prayer for statutory damages is unfounded to the extent that it is based on asserted willful use of Plaintiffs' marks.

**Eleventh Affirmative Defense**

Plaintiffs' prayer for punitive damages is barred on the ground that Plaintiffs cannot prove facts sufficient to state a claim for punitive damages or to show that the AGHL Defendants or Alipay are or were guilty of oppression, fraud, or malice.

WEIL:\95814674\2\13194.0003

**Twelfth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, to the extent any of the marks at issue are not protectable.

**Thirteenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, to the extent any of the marks at issue are not well-known or famous and/or lack secondary meaning.

**RESERVATION OF DEFENSES**

Defendants reserve the right to assert other defenses, affirmative defenses, and counterclaims as this action proceeds based on, *inter alia*, discovery, factual developments, and Defendants' ongoing investigation of Plaintiffs' claims. Defendants further reserve the right to file an amended answer asserting additional affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants, having fully answered the Second Amended Complaint, pray for judgment as follows:

1.      That the Second Amended Complaint be dismissed in its entirety with prejudice;

2.      Such other and further relief as the Court deems just and proper.

Dated:  September 19, 2016          Respectfully submitted,
      New York, New York

                                  */s/  R. Bruce Rich*
                                  R. Bruce Rich
                                  Jonathan Bloom
                                  Jared R. Friedmann
                                  WEIL, GOTSHAL & MANGES LLP
                                  767 Fifth Avenue
                                  New York, NY 10153
                                  Tel: 212-310-8000
                                  Fax: 212-310-8007
                                  bruce.rich@weil.com

*Counsel for Alibaba Group Holding Ltd.;*
*Alibaba.com Hong Kong Ltd.; Alibaba.com*
*Ltd.; Alibaba.com Investment Holding Ltd.;*
*Alibaba.com Investment Ltd.; Alibaba*
*(China) Technology Co., Ltd.; Alibaba.com,*
*Inc.; Taobao Holding Ltd.; Taobao China*
*Holding Ltd.; Taobao (China) Software Co.,*
*Ltd.; and Alipay.com Co., Ltd.*

WEIL:\95814674\2\13194.0003

## <u>CERTIFICATE OF SERVICE</u>

I, Jessica Falk, hereby certify that on the date set forth below I caused a true and correct copy of the foregoing *Answer* to be served via the Court's electronic filing system to the following:

Robert Weigel
Howard S. Hogan
Anne Champion
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166-0193
(212) 351-4000 (telephone)
(212) 351-4035 (facsimile)
Rweigel@gibsondunn.com
hhogan@gibsondunn.com
achampion@gibsondunn.com

*Attorneys for Plaintiffs Gucci America, Inc. et al.*

Dated:  September 19, 2016
       New York, New York

/s/ Jessica Falk